FILED
MAR 24 2009
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TOMMY LEE STEVENS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 09 0554 |
| ) | |
| U.S. ATTORNEY GENERAL ERIC HOLDER, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

This matter comes before the Court on review of petitioner's application to proceed *in forma pauperis* and his *pro se* petition for a writ of mandamus. The Court will grant the application and deny the petition.

According to petitioner, he "is being attacked by someone" he believes to be "a state agency" using "electronic technology." Pet. at 1. He states that "these people attacking him with this electronic equipment have enlisted the help of the last U.S. Attorney General," and that he has advised the current Attorney General "of this criminal activity and the possibility of a Federal Official being involved." *Id.* Petitioner has not been able to verify that the Attorney General has received his correspondence, and he requests an order directing "U.S. Attorney General Holder to let [him] know if these correspondents [sic] was received." *Id.* at 2.

Mandamus relief is proper only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." *Council of and for the Blind of Delaware County Valley v. Regan*, 709 F.2d 1521, 1533 (D.C. Cir. 1983) (en banc). The party seeking mandamus has the "burden of showing that [his] right to

issuance of the writ is 'clear and indisputable.'" *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (citing *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 384 (1953)). Where the action petitioner seeks to compel is discretionary, he has no clear right to relief and mandamus therefore is not an appropriate remedy. *See, e.g., Heckler v. Ringer*, 466 U.S. 602, 616 (1984).

Petitioner does not establish any of these elements. He fails to demonstrate his clear right to relief, the Attorney General's clear duty to acknowledge receipt of correspondence, and the lack of any other remedy. Because the petition does not state a claim upon which mandamus relief may be granted, the petition will be denied.

An Order consistent with this Memorandum Opinion will be issued separately on this same date.

/s/ Reggie B. Walton
United States District Judge

Date: March 9, 2009